## PARKER *a.* PARKER.

*Supreme Court, First District; Special Term, November,* 1856.

ACTION FOR DIVORCE.—TRIAL BY JURY.—FRAMING OF ISSUES.

In an action for a divorce on the ground of adultery, in which issues are raised by the pleadings themselves, it is now not necessary to frame issues for jury trial; but the issues joined by the pleadings may be tried.

Since the amendment in 1852, of section 253 of the Code, section 72,—which provides that "where the power now exists to order a feigned issue, &c., an order for the trial may be made," &c.,—can have no application to an action for divorce for adultery, in which an issue of fact is raised by the pleadings.

Motion for a decree of divorce.

This was an action for a divorce on the ground of adultery. Issues of fact in this case, were raised by the pleadings and noticed for trial at the October circuit. The defendant did not appear, and the cause was tried by a jury, who rendered

a verdict for plaintiff. The plaintiff now presented a decree for settlement.

*E. J. Porter,* for the motion.

*J. Palmer,* in opposition, contended that the plaintiff was irregular, because no issues had been framed in the case.

DAVIES, J.—Section 253 of the Code provides that issues of fact in an action for, a divorce from the marriage contract on the ground of adultery, must be tried by a jury, unless a jury trial be waived pursuant to section 266, or a reference be ordered pursuant to sections 270 and 271. This section (253) as it stood in the Code of 1849, required that issues of fact in actions for the recovery of money only, or of specific real or personal property, must be tried by a jury.

The amendment of 1852, added, issues of fact in an action "for a divorce from the marriage contract on the ground of adultery."

The statute is, therefore, imperative that in an action for a divorce like the present, the issues of fact raised by the pleadings must be tried by a jury, unless a trial by jury is waived as provided in section 266, or a reference be ordered in pursuance of sections 270 and 271.

This was the view taken by this court at general term in setting aside the order of reference made in this cause, the same not having been consented to in compliance with section 270, and a reference without such consent in this case could not be ordered pursuant to section 271.*

There would not seem to be any doubt, therefore, that issues of fact, in suits like the present, are to be tried by a jury in the same manner as an issue of fact in an action for the recovery of money only ; and it follows that the provision of section 72 has no more application to one action than the other.

It seems too apparent to need illustration that the provisions of section 72, since the amendment of section 253 in 1852,

---

* At a previous circuit, the cause being called on the calendar, and the defendant not appearing, a default was taken, and a reference ordered without defendant's consent. The defendant appealed from this order to the general term, and it was vacated. Compare Diddell *a.* Diddell, *Ante.,* 168.

can have no application to an action for divorce from the marriage contract on the ground of adultery, in which an issue of fact is raised by the pleadings.

That this is the view taken by this court, is manifest from Rule 69.

It provides that in cases where the trial of issues of fact is not provided for in section 253 of the Code, if either party shall desire a trial by jury, the same shall be applied for within ten days after issue joined, and then the issues are to be settled as provided in section 72.

It is quite clear, therefore, that in the cases mentioned in section 253, no issues can be framed pursuant to section 72, or to Rule 69.

On the construction which the defendant's counsel gives to section 72 and Rule 69, he is quite too late to ask to have issues framed in this cause. But I am clearly of the opinion that none could be framed, and that the cause was properly placed on the circuit calendar, and has been regularly tried there.

The plaintiff's counsel pursuant to Rule 70, now applies for a hearing of the cause after the trial of the issues of fact, and for a sentence or a decree for a divorce. In this he is also regular, and is entitled to the same unless the excuse offered by the defendant's counsel is adequate.

I am not satisfied from the papers before me that the defendant's counsel intended to appear at the circuit, and having no doubt of the entire regularity of the plaintiff's proceedings, a decree for divorce on the ground of adultery must be entered, with an allowance to plaintiff's counsel of $75.